NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH W. HIGGINS<br><br>Plaintiff,<br>v.<br><br>EBAY, INC., and PAYPAL, INC.,<br><br>Defendants. | Civ. Action No. 09-5341 (KSH)<br><br><br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

This action arises out of a dispute between a merchant and the Internet auction site eBay. Now before the Court is a motion [D.E. 21] by defendants eBay, Inc. ("eBay") and PayPal, Inc. ("PayPal"), to alternatively dismiss the action filed by plaintiff Joseph Higgins ("Higgins") [D.E. 1], or transfer it to federal court in California, or compel arbitration.

On May 15, 2009, Higgins applied for accounts with eBay and PayPal—which is a business that facilitates online money transfers—so he could sell items on eBay's auction Web site. (Compl. ¶ 1.) After opening his accounts, Higgins placed his products on auction, setting the starting price for most of the items at 99 cents and the reserve price—the minimum price a buyer must meet to win an auction—at $500 or more. (*Id.* ¶ 4.) At some point thereafter, approximately 40 eBay users had placed bids on Higgins's products, but only one bidder's offer exceeded the reserve price. (*Id.*) When the allotted time for the auction of each item expired, eBay offered buyers to option to "buy it now," which Higgins asserts should have allowed purchasers to see and meet the reserve price. (*Id.* ¶ 6.) He alleges that instead, the "buy it now"

1

function allowed buyers to buy his products for only 99 cents, though one "honest" individual paid the reserve price.  (*Id.* ¶ 6–8.)  Higgins filed a complaint with eBay, to which eBay and PayPal allegedly responded by closing his accounts, charging him $700, and attempting to take the funds from his bank account without his consent.  (*Id.* ¶ 9.)  Ultimately, Higgins alleges, eBay and PayPal placed the charge on his PayPal account, preventing him from using the account on transactions outside of eBay.  (*Id.* ¶ 10.)

Several months later—Higgins does not specify exactly when—Higgins opened new accounts with both eBay and PayPal.  (*Id.* ¶¶ 11, 13.)  On October 12, 2009, 319 different customers had placed 319 bids on his items; some of these bids exceeded the reserve prices for the items.  (*Id.* ¶¶ 14–15.)  At that point, Higgins alleges, eBay and PayPal closed his new accounts and blocked him from making any transactions on their Web sites.  (*Id.* ¶ 15.)  Higgins again lodged complaints with both companies, but they ignored him.  (*Id.*)  Higgins then filed this action, asserting that the companies' actions breached his contract with them and constituted unfair and deceptive business practices.  He demanded to be added to a class action for which the class period closed before Higgins opened his original accounts, and he also demanded $5,000 and the reinstatement of his accounts.  (*Id.* Demand for Relief.)

In lieu of an answer, the defendants filed the instant motion.  They ask the Court to either (1) transfer the action to federal court in Santa Clara County, Calif., which is designated in the forum selection clause in the eBay user agreement; (2) dismiss the complaint for failure to comply with the forum selection clause; or (3) compel Higgins to arbitrate his claims according to the user agreement.  After reviewing Higgins's complaint and the materials submitted by the parties, the Court issued an order giving the parties one week to file letters showing cause why the complaint should or should not be dismissed for lack of subject matter jurisdiction.  [D.E.

45.] The defendants responded by reiterating that this Court should enforce the eBay User Agreement's forum selection clause and further arguing that the complaint's "conclusory allegation that this Court has jurisdiction under the Sherman Antitrust Act and 28 U.S.C. §1343 and 42 U.S.C. §1985, without any factual allegations supporting such claims, is insufficient to vest this Court with subject matter jurisdiction." [D.E. 47.] Higgins failed to respond.[1]

The Court requested additional briefing on subject matter jurisdiction because for this Court to transfer the action to California, it must have subject matter jurisdiction over it. *See Atl. Ship Rigging Co. v. McLellan*, 288 F.2d 589, 591 (3d Cir. 1961). The first paragraph of Higgins's complaint states that the Court has federal question jurisdiction, *see* 28 U.S.C. § 1331, by way of the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, and under 28 U.S.C. § 1343(a)(1), which provides federal courts with jurisdiction over actions brought to remedy violations of 42 U.S.C. § 1985(3). Ordinarily, a court may not dismiss a complaint for lack of subject matter jurisdiction simply because the plaintiff's legal theory is probably false. *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987). However, "the Supreme Court has permitted courts to dismiss a claim for lack of jurisdiction if the federal claim is 'made solely for the purpose of obtaining jurisdiction' or if the claim is 'wholly insubstantial and frivolous.'" *Id.* at 898 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). To dismiss for lack of jurisdiction, a court must find that the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* at 899 (quoting *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

Examining the face of the complaint, it is readily apparent that Higgins's purported federal claims are "completely devoid of merit." At bottom, Higgins alleges that eBay and

---

[1] During the time frame granted to the parties to submit their letters, Higgins filed an application for the undersigned to recuse herself. [D.E. 46.] That application is dealt with in a separately filed order.

PayPal violated his contractual rights by failing to accurately list the purchase price of the items he posted on eBay, charging him $700 in fees for sales he refunded, and subsequently closing his eBay accounts.  (Compl. ¶¶ 1, 4, 6–7, 9, 15.)  Indeed, his complaint asserts a cause of action "for breach of contract, deceptive and unfair business practices."

Turning to the jurisdictional bases Higgins offers in his complaint, it is unclear which provision of the Sherman Act Higgins brings his claims under because the complaint is barren of facts that would constitute an antitrust violation.  Nowhere does Higgins state that eBay and PayPal engaged in any concerted action.  *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1229 (3d Cir. 1993) (listing the elements of a violation of § 1 of the Sherman Act as: (1) concerted action by the defendants; (2) anticompetitive effects caused by the action; (3) the objects of the conduct pursuant to the action were illegal; and (4) the action proximately caused the plaintiff's injuries).  Nor does he allege that either company has a monopoly.  *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 307 (3d Cir. 2007) (stating that a violation of § 2 of the Act requires "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident").  The only statement in the complaint that even hints at an abuse of market power is the allegation that "Paypal, is a company who places themselves as the only money transfer system on mostly all website where people seek to make a living."  (Compl. ¶ 10.)  But this conclusory allegation is insufficient to persuade the Court that Higgins's purported antitrust claim is not frivolous.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Furthermore, the complaint is devoid of any allegations of a conspiracy, discriminatory animus, or deprivation of a constitutional right that would give rise to a claim under 42 U.S.C. §

1985.  *See El-Hewie v. Bergen Cnty.*, 348 F. App'x 790, 795–796 (3d Cir. 2009) (listing the elements of a § 1985 claim).  Even if the defendants' acts were motivated by a discriminatory animus—and Higgins makes no suggestion that they were—they only implicate Higgins's contractual rights and, therefore, they cannot be remedied under § 1985(3).[2]  *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

To the extent the complaint can be read as an attempt to invoke the Federal Trade Commission Act's prohibition on deceptive and unfair business practices, 15 U.S.C.A. § 45, the Court observes that the Act does not provide for a private right of action.  *Baum v. Great W. Cities, Inc., of N.M.*, 703 F.2d 1197 (10th Cir. 1983); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Martino v. Everhome Mortg.*, 639 F. Supp. 2d 484 (D.N.J. 2009).  Therefore, the Act does not provide a basis for federal question jurisdiction in this case.

In the absence of federal question jurisdiction, this Court can only transfer the case if it has jurisdiction based on the diversity of the parties.  However, diversity jurisdiction requires that the amount in controversy be at least $75,000, 28 U.S.C. § 1332(a), and Higgins only seeks $5,000 and the reinstatement of his eBay and PayPal accounts.  (Compl. Demand for Relief.)  This Court therefore has no subject matter jurisdiction and no power to transfer the case to another court.  *See Atl. Ship Rigging Co.*, 288 F.2d at 591.

Nor does the Court have the power to compel arbitration.  The Federal Arbitration Act ("FAA") does not provide a basis for federal question jurisdiction.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983).  Rather, for a court to have the power to

---

[2] In his brief in opposition to the defendants' motion, Higgins also states that he has been denied "the equal protection of the laws" under the 14th Amendment. (Opp'n Br., at 7–8.)  However, this allegation is not pleaded in Higgins's complaint, and in any event, as Higgins himself recognizes in his brief, the "constitutional guarantee[] of . . . equal protection do[es] not apply to the actions of private entities" such as eBay and PayPal.  *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 (3d Cir. 2005); *see also* Opp'n Br., at 8–9.

compel arbitration, there must be an independent basis for jurisdiction apart from the FAA. *Id.* ("[9 U.S.C. § 4] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."). Because the Court lacks both federal question jurisdiction and diversity jurisdiction, it lacks the power to compel arbitration.

Based on the foregoing, the complaint is dismissed for lack of subject matter jurisdiction.

March 31, 2011

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.